UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN K. D.,<br><br>                    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY AND ORGANIZER II INC.,<br><br>                    Defendants. | Case No.:  22cv1193-RBB<br><br>**ORDER DISMISSING COMPLAINT AS DUPLICATIVE AND DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT** |

On August 15, 2022, Plaintiff John D.[1], proceeding in pro se, commenced this action against Defendants "Social Security and Organizer II Inc." for judicial review under 42 U.S.C. § 405(g) of the alleged miscalculation of his disability insurance benefits [ECF No. 1].  At the time he filed his Complaint, Plaintiff also filed a Motion for Leave

---

[1] The Court refers to Plaintiff using only his first name and last initial pursuant to the Court's Civil Local Rules.  See S.D. Cal. Civ. R. 7.1(e)(6)(b).

1

to Proceed In Forma Pauperis ("IFP") [ECF No. 2].  Plaintiff consented to have this Court conduct all proceedings on September 6, 2022 [ECF No. 6].[2]

For the following reasons, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as duplicative, and his Motion for Leave to Proceed IFP is **DENIED AS MOOT**.

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

The Court must screen every in forma pauperis proceeding brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim") (citation omitted).  Because John D. is appearing pro se, the Court liberally construes his filings.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### B. Complaint Allegations

In his Complaint, John D. alleges that the Social Security Administration has not increased his benefit amount by 6.2 percent annually as required and he is currently owed $6,200 per month as well as "back pay benefits" from 2016 to 2022.  (Compl. 2, ECF No. 1.)  He states that he has called the Social Security office to request the increased benefit payment to no avail.  (Id.)  He also claims that he filed a "reconsideration hearing before

---

[2] The United States has informed the Court of its general consent to Magistrate Judge jurisdiction in cases of this nature.  See S.D. Cal. Gen. Order No. 707 (Apr. 12, 2019).

the administrative law [j]udge" in "January," but provides no further details or documentation of that filing.  (See id.)

### C. Discussion

An examination of Plaintiff's complaint in this case and a review of the Court's docket reveals that it is duplicative of the complaint filed in Diu v. Social Security, et al., Case No. 22cv1042-RBB, which was dismissed with prejudice by this Court on September 15, 2022.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904, 128 S. Ct. 2161, 171 L.Ed.2d 155 (2008).  "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under § 1915(e).  See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); see also Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under [§ 1915(e)] a complaint "that merely repeats pending or previously litigated claims.") (citing Bailey, 846 F.2d at 1021).  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams, 487 F.3d at 692.  To determine whether a claim is duplicative, courts use the test for claim preclusion.  Id. at 688.  "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted).

The Court finds that this action is duplicative of Diu v. Social Security, et al., Case No. 22cv1042-RBB.  Plaintiff makes the same allegations against the same defendants in

both cases. Indeed, the four-page complaints in each case, other than the signature pages, are identical. While the exhibits attached to the complaints in each case differ slightly, the exhibits attached to the complaint in this case are essentially duplicative of those filed in the first case. Accordingly, the complaint in this case is **DISMISSED WITH PREJUDICE** as duplicative. See Adams, 487 F.3d at 692 (finding dismissal of duplicative action with prejudice did not constitute an abuse of discretion).

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as duplicative, and his Motion for Leave to Proceed IFP is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated:  September 21, 2022

Hon. Ruben B. Brooks
United States Magistrate Judge